# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| WILLIAM J. PRICE, | ) | CASE NO. 1:08CV2770 |
| | ) | |
| PETITIONER, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | |
| RICHARD GANSHEIMER, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| RESPONDENT. | ) | |
| | ) | |

Petitioner has filed an objection to Magistrate Judge Pearson's order denying him leave to supplement his petition for writ of habeas corpus. (Doc. No. 18.) Although leave was granted to the respondent to file any opposition to the objection, no opposition has been filed. Therefore, the matter is ripe for determination.

On November 24, 2008, petitioner filed this action seeking a writ of habeas corpus under 28 U.S.C. § 2254. (Doc. No. 1.) On July 2, 2009, respondent filed his answer (styled as a return of writ). (Doc. No. 11.) Petitioner moved for and received an extension to file his reply. On August 21, 2009, petitioner simultaneously filed his reply (styled as a traverse) (Doc. No. 15) and a motion for leave to amend or supplement his petition (Doc. No. 14).

On August 26, 2009, Magistrate Judge Pearson issued a Memorandum of Opinion and Order denying petitioner's motion for leave to amend or supplement his petition. Judge Pearson concluded that the proposed new ground for relief, "though cloaked in Constitutional violations, is clearly an attack on Ohio case law and sentencing statutes." (Doc. No. 17, at 3.) Judge Pearson also noted that petitioner "presented the same issues to the state appellate court

1

and the state court's decision affirming his judgment and conviction was solely based on state law." (*Id*. at 3-4.) Since federal habeas relief is not available for violations of state law, Judge Pearson denied petitioner's motion for leave to amend or supplement. Petitioner now opposes that ruling.

The Court has conducted its *de novo* review of petitioner's objection and finds no error in Judge Pearson's ruling. Aside from the fact that his new ground for relief is, indeed, no more than a claim of a state law violation wrapped up in constitutional terms, petitioner is further precluded from offering this amendment to his petition because he has not shown a right to do so under Fed. R. Civ. P. 15(a). Although Rule 15(a) suggests that leave to amend should be freely granted "when justice so requires," petitioner has failed to meet this standard. The very issue and argument that he now wants to add as an amendment to his petition was raised in the state court in almost identical language. (*Compare* Return of Writ, Doc. No. 11, Ex. 11, pp. 22-27 to Proposed Amended/Supplemental Relief, Doc. No. 14-1, at pp. 2-6.) Petitioner has given no reason why this claim could not have been included in the original petition.

No good cause having been shown for amending or supplementing the petition, the Court overrules petitioner's objection.

**IT IS SO ORDERED**.


Dated: November 23, 2009

_____
**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**