UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| WILLIAM J. PRICE, | ) | CASE NO. 1:08CV2770 |
| | ) | |
| PETITIONER, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | |
| RICHARD GANSHEIMER, Warden, | ) | **MEMORANDUM OPINION** |
| | ) | |
| | ) | |
| RESPONDENT. | ) | |
| | ) | |

Before the Court is the Report and Recommendation ("R&R") of Magistrate Judge[1] Benita Pearson recommending that the habeas petition be denied and the case dismissed. (Doc. No. 21.) Petitioner has filed objections to the R&R. (Doc. No. 23.) Respondent filed no response to the objections. The Court has conducted its *de novo* review of the matters raised in the objections. Fed. R. Civ. P. 72(b)(3). For the reasons set forth below, the objections are overruled, the R&R is accepted, and this matter is dismissed.

## I. BACKGROUND

Price was charged in a six-count indictment relating to his involvement in a vehicular accident on August 13, 2006. "[T]he SUV he was driving struck a motorcycle driven by Raymond Long. Long was killed instantly; his girlfriend, Patricia Morgan, suffered extensive and permanent injuries; Price himself was also severely injured." (Return of Writ, Doc. No. 11 ["Return"], Ex. 15 ¶ 2.) Through counsel, he initially entered a plea of not guilty. After the trial

---

[1] After issuing this R&R, Magistrate Judge Pearson was elevated to the position of district judge.

court denied a motion to suppress the results of his blood alcohol tests, Price withdrew his plea and entered a negotiated plea of no contest to aggravated vehicular homicide, aggravated vehicular assault, and driving while under the influence of alcohol. All remaining charges were dismissed by the State. On April 25, 2007, Price was sentenced to consecutive terms of six years for aggravated vehicular homicide and three years for aggravated vehicular assault, along with six months for driving under the influence, which was to run concurrently with the other sentences. (Return, Exs. 8 and 9.)

Price, with the assistance of his trial counsel, timely filed a direct appeal assigning the following errors.

1. The trial court erred in overruling Appellant's motion to suppress the results of Appellant's blood alcohol test where the evidence failed to establish substantial compliance with the rules established by the Ohio Department of Health.

2. The trial court erred in imposing consecutive sentences and imposed a sentence that is contrary to the consistency and proportionality guidelines of R.C. 2929.11(B).

3. The trial court erred in sentencing Appellant to a harsher sentence for exercising his Fifth Amendment right against self-incrimination.

(Return, Ex. 11.) In a supplemental brief, he added a fourth assignment of error:

4. The trial court erred to the prejudice of the Appellant when it ordered fines and costs without consideration of his ability to pay the financial sanctions.

(Return, Ex. 13.) On March 17, 2008, the State court of appeals affirmed the trial court's judgment. (Return, Ex. 15.)

Represented by the same counsel, Price timely filed an appeal to the Ohio Supreme Court, asserting three propositions of law:

I. A court of appeals deprives a defendant of due process when it sua sponte avails the State of an issue the State waived in the trial court and on appeal and then the appellate court eliminates the State's burden of substantial compliance with 3701-54-04(E) at the suppression hearing.

II. The overall goal of the alcohol testing procedures set forth in 3701-53-01 et seq. of the Ohio Administrative Code is to ensure the accuracy and reliability of alcohol testing results. Failure to provide any evidence of substantial compliance with 3701-53-01(A) and (B), 3701-53-04(E) and 3701-53-06(C) and (D) precludes a finding of substantial compliance.

III. A trial court is required to apply the consistency principles found in R.C. 2929.11 since *State v. Foster* (2006) 109 Ohio St.3d 1 did not eliminate that obligation.

(Return, Ex. 17.) On August 6, 2008, the Ohio Supreme Court declined jurisdiction and dismissed the appeal because it did not involve any substantial constitutional question. (Return, Ex. 19.)

On November 4, 2008, Price filed the instant *pro se* petition for writ of habeas corpus. He asserted four grounds for relief:

1. Petitioner was denied due process and equal protection under the law when the Director of Health for Ohio deviates from its statutory mandate of substantial compliance expressed in O.A.C. 3701-53-01 et seq., by failing to produce the required operating manuals, maintenance and repair records and further admits speculative testimony from a lab technician that model 8410 and model 8500 are substantially the same testing devices.

2. Petitioner was denied due process and equal protection under the law when the court usurped the statutory duties imposed by the legislature upon the Director of Health to substantially comply with O.A.C. 3701-53-01 et seq., with respect to the collecting, handling, analyzing and documenting blood samples for B.A.C. test purposes.

3. Petitioner was denied due process and equal protection under the law when the court usurped the statutory duties imposed by the legislature upon the Director of Health to substantially comply with O.A.C. 3701-53-01 et seq., when it irrefutably concluded that the latter met its statutory burden simply by proffering that the blood sample vials by having gray caps contained the requisite amounts of anti-coagulant (potassium oxalate) and preservative (sodium fluoride) necessary to maintain the integrity of blood samples for B.A.C. testing purposes.

    4.      Petitioner was denied due process and equal protection under the law when the court, without evidence and without any basis of fact or law irrefutable, concluded that two separate and distinct models of a gas chromagraphic machine, a model 8410 and a model 8500, were virtually identical when evidence was introduced that demonstrated that each model contained unique components differing from the other were equipped with different features and different software components. An evidentiary hearing is respectfully requested by Petitioner wherein he can conclusively demonstrate that the model 8410 and model 8500 are not identical devices.

## II. DISCUSSION

### A. Standard of Review

Under Fed. R. Civ. P. 72(b)(3), "[t]he district judge must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." This *de novo* review requires the Court to apply the provisions of 28 U.S.C. § 2254(d), as amended by the Antiterrorism and Effective Death Penalty Act, Pub. L. 104-132, 110 Stat. 1214 ("AEDPA") and the cases construing the amendments.

Title 28, Section 2254(d) provides:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim --
>
> > (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> >
> > (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

In *Williams v. Taylor*, 529 U.S. 362 (2000), the Supreme Court explained these provisions as follows:

> Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by this Court on a

>question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts. Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.

*Id*. at 412-13.

This Court may not, however, consider "contentions of federal law which are not resolved on the merits in the state proceeding due to petitioner's failure to raise them as required by state procedure." *Wainright v. Sykes*, 433 U.S. 72, 87 (1977). If a "state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman v. Thompson*, 501 U.S. 722, 750 (1991). "When a petitioner fails to establish cause to excuse a procedural default, a court does not need to address the issue of prejudice." *Simpson v. Jones*, 238 F.3d 399, 409 (6th Cir. 2000) (citations omitted).

If a petitioner asserts ineffective assistance of counsel as cause for a default, that ineffective assistance claim must itself be presented to the state courts as an independent claim before it may be used to establish cause. *Murray v. Carrier*, 477 U.S. 478, 488-489 (1986). If the ineffective assistance claim is not presented to the state courts in the manner that state law requires, that claim is itself procedurally defaulted and can only be used as cause for the underlying defaulted claim if the petitioner demonstrates cause and prejudice with respect to the ineffective assistance claim. *Edwards v. Carpenter*, 529 U.S. 446, 452-53 (2000).

**B.    The R&R**

The R&R concludes that all four of petitioner's grounds are procedurally defaulted due to his failure to "fairly present" them to the State courts because, to the extent these grounds were raised at all, they were argued purely as matters of state law, with no mention of any federal constitutional challenge, notwithstanding a passing mention of "due process" and "equal protection" in the brief before the Ohio Supreme Court.

The R&R notes that, even on the merits, all the grounds fail because the State court concluded there was insufficient evidence to show any failure to follow the State regulations in analyzing petitioner's blood sample to determine its alcohol content. The R&R concluded:

> The State appellate court's decision affirming Price's convictions was based upon a reasonable determination of the facts in light of the evidence presented in State court proceedings. The State Court relied upon evidence in the record, including testimony, and relevant State law. Because the State appellate court's decision was not unreasonable, the undesigned [sic] recommends dismissing each of Price's grounds for relief and denying his petition for a writ of habeas corpus, pursuant to Title 28 U.S.C. § 2254 (d)(2).

(R&R at 13.)

### C.   Analysis of Petitioner's Objections to the R&R

Petitioner has filed objections which are not enumerated in any clear fashion but are contained in narrative and argument. Despite the lack of specificity, the Court has gone through the objections to ascertain the exact nature of petitioner's arguments, notwithstanding the fact that it has no duty to do so.[2]

---

[2] This Court has an obligation to give *de novo* review only to matters "properly objected to." Rule 72(b)(3); *see, e.g.*, *Thomas v. Arn*, 474 U.S. 140, 147 (1985) ("The filing of objections to a magistrate's report enables the district judge to focus attention on those issues--factual and legal--that are at the heart of the parties' dispute."); *United States v. Schultz*, 565 F.3d 1353, 1360 (11th Cir. 2009) ("a party that wishes to preserve its objection must [...] pinpoint the specific findings that the party disagrees with"); *Renelique v. Doe*, No. 99-10425, 2003 WL 23023771, at * 1 (S.D.N.Y. Dec. 29, 2003) ("when a party makes only conclusory or general objections, or simply reiterates his original arguments, the Court reviews the Report and Recommendation only for clear error.").

Petitioner first objects to the R&R's conclusion that his grounds were never "fairly presented" to the State courts. He also asserts that he does not need to show cause and prejudice, but that he nonetheless can do so based on the fact that, "at all material times, [he] was incarcerated in the prison facility where access to legal material is very limited and [there is] no person trained in the law to assist [...] and [...] no access to counsel to assist[.]" (Objections at 10.) In his view, all of his grounds must be considered *de novo* by this Court in order to avoid a "miscarriage of justice." Finally, he argues that he "had not discovered his constitutional injury within a reasonable time to address his claims as expected by the respondent." (*Id*. at 11.)

Federal courts have no jurisdiction to consider a habeas claim that was not first "fairly presented" to the State courts. *Franklin v. Rose*, 811 F.3d 322, 324-25 (6th Cir. 1987).

> A claim may only be considered "fairly presented" if the petitioner asserted both the factual and legal basis for his claim to the state courts. *[Franklin v. Rose*, 811 F.3d] at 325. This court has noted four actions a defendant can take which are significant to the determination whether a claim has been "fairly presented": (1) reliance upon federal cases employing constitutional analysis; (2) reliance upon state cases employing federal constitutional analysis; (3) phrasing the claim in terms of constitutional law or in terms sufficiently particular to allege a denial of a specific constitutional right; or (4) alleging facts well within the mainstream of constitutional law. *See id.* at 326. General allegations of the denial of rights to a "fair trial" and "due process" do not "fairly present" claims that specific constitutional rights were violated. *Petrucelli v. Coombe,* 735 F.2d 684, 688-89 (2d Cir. 1984).

*McMeans v. Brigano*, 228 F.3d 674, 681 (6th Cir. 2000), *cert. denied*, 532 U.S. 958 (2001). If a petitioner fails to present both the factual and legal basis for a federal constitutional claim and would be barred from pursuing any relief on that claim in State courts, the habeas claim is not dismissed for lack of exhaustion, but it *is* procedurally defaulted absent a showing of cause to excuse the default and actual prejudice to his defense. *Hannah v. Conley*, 49 F.3d 1193, 1195-96 (6th Cir. 1995) (citing *Coleman v. Thompson*, 501 U.S. 722, 750-51 (1991)).

Petitioner did not "fairly present" the claims raised here to a State court. Although, on direct appeal, he did challenge the trial court's denial of his motion to suppress the results of his blood alcohol test on the ground that there was not substantial compliance with the rules established by the Ohio Department of Health, his challenge was based entirely on state law, not on any right under the federal constitution. (*See*, Return, Ex. 11 (Brief of Appellant).) Petitioner argues in a conclusory fashion that he can satisfy the second, third, and fourth tests set forth in *McMeans*. However, he has not pointed to any state or federal case which he cited in his brief on direct appeal which relied on federal constitutional principles to reject results of a blood alcohol test, nor has he shown that his arguments before the State courts were in any way based on federal constitutional principles. To the contrary, the Court's review of his brief before the Ohio court of appeals reveals that his arguments were entirely state-law-based.[3]

Having concluded that all of petitioner's grounds are procedurally defaulted, this Court may consider them on the merits only if he can establish cause and prejudice. His arguments in this respect are unavailing. He asserts that he was imprisoned and had no way of obtaining access to legal materials or legal advice. This completely ignores the fact that he was represented by counsel at all stages of his direct appeal. He raises here no claim of ineffective

---

[3] Before the Ohio Supreme Court, petitioner argued that the appellate court's decision departed from precedent firmly established in *State v. Burnside*, 100 Ohio St.3d 152 (2003) and *State v. Mayl*, 206 Ohio St.3d 207 (2005) by creating an issue on direct appeal that had been waived by the State in the trial court and on appeal. (*See* Return, Ex. 17 at 1 [Doc. No. 11-2 at 102].) He asserted that this was a denial of due process because it "will undermine the procedural process [the Ohio Supreme Court] has provided lower courts and practitioners." (*Id*. at 2 [Doc. No. 11-2 at 103].) He further asserted that "[d]ue process requires the State of Ohio to prove substantial compliance with every element of a challenged ODH regulation without exception." (*Id*.) However, the Ohio court of appeals had rejected petitioner's challenge to the trial court's denial of his motion to suppress because the issues raised on appeal had not been raised in the motion to suppress and, therefore, the State had not been placed on notice regarding alleged lack of substantial compliance with ODH regulations relating to blood-alcohol levels. There was no argument made in the motion to suppress that *due process* had been violated because Ohio State regulations had been allegedly violated. Therefore, the mere fact that petitioner attempted to raise a due process argument before the Ohio Supreme Court does not salvage his habeas claims. The due process argument was not "fairly presented" in the first instance to the Ohio court of appeals, although it could have been.

assistance of counsel. Therefore, he is unable to establish cause and prejudice to permit this Court to examine his grounds *de novo*.[4]

Finally, although petitioner argues that he did not timely discover the claims he raises in his habeas petition, he provides nothing in support of that assertion.

The Court finds no merit in any of petitioner's objections.

### III. CONCLUSION

For the reasons set forth above, having conducted the required *de novo* review, the Court overrules petitioner's objections to the R&R. The R&R is accepted and this case will be dismissed by separate judgment entry.

The Court certifies that an appeal from this decision could not be taken in good faith and that there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 1915(a)(3), 2253(c); Fed.R.App.P. 22(b).

**IT IS SO ORDERED**.

Dated: May 9, 2011

                                                            **HONORABLE SARA LIOI**
                                                            **UNITED STATES DISTRICT JUDGE**

---

[4] In a conclusory fashion, and relying on *Bieber v. Dep't of Army*, 287 F.3d 1358 (Fed. Cir. 2002), petitioner asserts that refusal to give "objective reconsideration" to all of his grounds will result in a "miscarriage of justice." (Objections at 10.) *Bieber* was a civil action which addressed whether an administrative judge's comments during a hearing reflected bias, violating due process and requiring a rehearing. Clearly it is inapplicable in the habeas context.

    "A federal court has a duty to consider the merits of a procedurally defaulted claim if failure to do so would result in a fundamental miscarriage of justice. This exception to the procedural default rule, however, is exceedingly narrow and is reserved for extraordinary cases in which a petitioner can show that a constitutional violation has probably resulted in the conviction of a factually innocent person." *Pudelski v. Wilson*, 576 F.3d 595, 606 n.2 (6th Cir. 2009). To establish a claim of factual innocence, the petitioner must present new evidence that "show[s] that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence." *Schlup v. Delo,* 513 U.S. 298, 327 (1995). However, "the *Schlup* standard is demanding and permits review only in the 'extraordinary' case." *House v. Bell,* 547 U.S. 518, 538 (2006). Petitioner has supplied no reason for this Court to conclude that failure to review his grounds for relief will result in a miscarriage of justice.